No. 4926.

SUCCESSION OF WM. COOLEY—On Opposition to Tableau of Distribution,

A contest, to be paid by preference, out of the proceeds of this succession, arose in the court below, under the homestead law, between the vendor of a lot of furniture, the lessor of a house and lot furnished with said furniture, and the tutor of a minor child left in necessitous circumstances. In this court the contest is limited to the homestead claim, and the party asserting the vendor's privilege.

The claim of the minor must prevail. The homestead privilege was given the highest rank with one exception, that of the vendor, and for expenses in selling the property. As there are two privileges of the vendor, that on immovables, which enjoys the highest rank, and that on movables, which holds an inferior rank, the exception can not apply to both, but only to the one holding the first rank—that on immovables. Hence the homestead privilege must prevail over that of the vendor of movables, which itself is inferior to that of the lessor. This construction obviates all difficulty in construing the several articles of the Code bearing on the subject.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. Thomas J. Cooley,* for administrator. *E. Philips,* tutor *ad hoc* for the minor; *A. J. Villere,* executor to Fleitas, deceased; and *M. E. Livaudais,* for Mallard, opponent and appellant.

TALIAFERRO, J. The proceeds of the succession, after paying claims of a higher grade than that of the lessor, the vendor and the homestead claim, were reduced to the sum of $549 92. For this sum a contest arose between a vendor of a lot of furniture, claiming as due him by the estate $874 50; a lessor claiming $1500 for lease of house and lot, and the tutor of the minor child of the decedent, left in necessitous circumstances, claiming a thousand dollars under the homestead law. Each of the contestants claimed superiority of privilege. In the court below judgment was rendered in favor of the minor's claim, and the opponent claiming the vendor's privilege, has appealed. In this court the contest is limited to the homestead claim, and the party asserting the vendor's privilege.

The conclusion arrived at by the judge *a quo,* seems to be founded upon these considerations: That as by article 3263 of the Civil Code, the privilege of the vendor on movables sold by him still in the possession of the vendee, is inferior to that of the owner of the house or farm which they serve to furnish or supply, for his rents; and, as it has been determined (succession of Bouvet, 25 An. 431) that the homestead claim confers a higher privilege than that of the lessor, it must be deduced that the words "except those for the vendor's privilege," have reference alone to the privilege of the vendor of real estate; that this construction obviates all difficulty in construing the several articles of the Code bearing on the subject; that the homestead privilege was given the highest rank with one exception, that of the vendor; that as there are two privileges of the vendor, that on immovables, which enjoys the highest rank, and that on movables, which holds an

inferior rank, the exception can not apply to both, but only to the one holding the first rank, that on immovables.

We concur with our learned brother of the court *a qua* in the conclusions he arrived at in this case, and adopt them as satisfactorily disposing of the otherwise awkward confliction that would exist between the several privileges contended for in this litigation.

It is therefore ordered that the judgment of the district court be affirmed, with costs.